United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Michael Bahrami, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 17-23500-Civ-Scola |
| | ) |
| Home Depot U.S.A., Inc. and | ) |
| Louisville Ladder, Inc., Defendants. | ) |

**<u>Order on Defendants' Motion for Summary Judgment</u>**

This matter is before the Court upon Defendants Louisville Ladder, Inc. ("Louisville Ladder"), and Home Depot U.S.A, Inc.'s ("Home Depot") motion for summary judgment (ECF No. 57). Plaintiff Michael Bahrami did not file a response by the extended deadline provided by the Court. (Order, ECF No. 67.) Bahrami also failed to appear at calendar call on January 2, 2019.

On December 31, 2018, the Defendants filed emails sent by Bahrami on December 10, 2018 in which he states that he wishes to "withdraw" and "cancel" his lawsuit. (Notice, ECF No. 68.) A plaintiff may dismiss his case without the Court's intervention by filing a notice of voluntary dismissal "before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Even if the Court were to construe Bahrami's emails as a notice of voluntary dismissal, such a notice would not be self-executing since the Defendants filed their motions for summary judgment prior to Bahrami's sending those emails. Without an explicit request from Bahrami to dismiss this case, the Court refuses to construe his emails as a motion to dismiss either. *See* Fed. R. Civ. P. 41(a)(2).

As explained to Bahrami in the Court's latest order (ECF No. 67), his failure to respond to Defendants' motion to summary judgment would prompt the Court to grant the Defendants' summary judgment motion. Accordingly, upon review of the motion, the record, and the relevant legal authorities, the Court **grants** the Defendants' motion (**ECF No. 57**).

### I. Factual Background

This case centers on Bahrami's claim that he suffered serious bodily injuries because of an accident that occurred on October 17, 2014 while he was using a 16-foot extension ladder that he purchased from Home Depot and was manufactured by Louisville Ladder. (Am. Stmt. of Mat. Facts. ("SMF"), ECF

No. 58 at ¶¶ 1–3.) Bahrami's First Amended Complaint alleges negligence and strict liability claims against both defendants. (Am. Compl., ECF No. 11.) The Defendants construe Bahrami's claims as product defect claims, *see* Mot., ECF No. 57 at 8–11, to which Bahrami has not objected.

On the day of the incident, Bahrami was using the subject ladder to pressure clean his roof tiles. (SMF, ECF No. 58 at ¶ 1.) Bahrami claims that while he was coming down the ladder, having come down a few steps, the ladder split apart. (*Id.* at ¶¶ 7, 26; Bahrami Dep., ECF No. 56-2 at 152:19–24.) He testified that the fly section (the top of the ladder) and the base section of the ladder came apart, which caused him to fall to the ground. (SMF, ECF No. 58 at ¶ 8; Bahrami Dep., ECF No. 56-2 at 159:13–19.) Bahrami claims that the two parts of the ladder were on the ground after he fell. (*See* Bahrami Dep., ECF No. 56-2 at 160:5–12, 165:6–13.)

Bahrami's proffered expert, Frank Grate, P.E., performed an inspection and completed some physical testing of the ladder. (*Id.* at ¶ 12.) There is no indication from the report that the ladder was in two pieces at the time of the inspection. (*See* SMF, ECF No. 56-1 at ¶¶ 13–14.) Grate's only observation was that the right-side lock of the ladder could remain unlatched because the left-side lock could latch before the right-side lock, which could cause an individual to feel like the right-side has given way under certain conditions. (Grate Rep., ECF No. 56-3 at 2). Bahrami testified, however, that both rung locks were latched immediately prior to the incident and they were not the cause of the incident. (*See* SMF, ECF No. 56-1 at ¶ 18.)

The Defendants' expert, Thomas Schmitt, P.E., found that the ladder was not defective. (*Id.* at ¶ 19.) Schmitt's review of the materials and photographs of the ladder did not reveal any missing parts, instructions, or warning labels, or any other issues with its assembly. (*Id.* at ¶ 22.) Schmitt also opined that the ladder's locking mechanism was not defective. (*Id.* at ¶ 28.) According to Schmitt, the only way to separate the base and fly sections of the ladder is to pull the fly section up and completely out through the top of the base section. (*Id.* at ¶ 25.) Schmitt concluded that Bahrami's position at the time he fell is inconsistent with the only way in which the two parts of the ladder could be separated. (SMF, ECF No. 58 at ¶ 26; Schmitt Rep., ECF No. 56-4 at 4.)

## II. Legal Standard

Summary judgment is proper if following discovery, the pleadings, depositions, answers to interrogatories, affidavits and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S.

317, 322 (1986); Fed. R. Civ. P. 56. "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260. All the evidence and factual inferences reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1280 (11th Cir. 2004).

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 323–24. "[T]o survive summary judgment, the nonmoving party must . . . make a showing sufficient to permit the jury to reasonably find on its behalf." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015). The non-movant's evidence must be significantly probative to support the claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." *Mendez v. Jarden Corp.*, No. 10-80966-CIV, 2011 WL 13227892, at *1 (S.D. Fla. Sept. 7, 2011) (Dimitrouleas, J.) (quoting *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

The Court will not weigh the evidence or make findings of fact. *Id.* at 249; *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003). Rather, the Court's role is limited to deciding whether there is sufficient evidence upon which a reasonable juror could find for the nonmoving party. *Id.*

### III. Analysis

Bahrami's two claims require that he establish that the ladder was defective at the time of the incident and the defect caused his injury. In a product liability case where the plaintiff asserts a negligence claim, the basic elements of negligence apply (duty of care, breach of that duty, and proximate cause) and the plaintiff must also establish that the product was defective or unreasonably dangerous. *Leoncio v. Louisville Ladder, Inc.*, No. 13-21837-CIV, 2014 WL 11429056, at *3 (S.D. Fla. Apr. 8, 2014) (Altonaga, J.), *aff'd*, 601 F. App'x 932 (11th Cir. 2015). Similarly, to establish that a defendant is strictly liable for a product defect, the plaintiff must show that: "(1) a product (2)

produced by a manufacturer (3) was defective or created an unreasonably dangerous condition (4) that proximately caused (5) injury." *Id.* (quoting *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1257 (11th Cir. 2002)).

The Defendants argue that Bahrami has failed to establish the existence of a defect or causation, and that Bahrami is unable to support his claims without expert testimony. The Defendants assert that the subject ladder was not defective, is still functioning as designed, and that Bahrami's testimony belies the evidence presented by his and the Defendants' experts.

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Mendez,* 2011 WL 13227892, at *4 (quoting *Celotex,* 477 U.S. at 273). To establish either negligence or strict liability, a plaintiff must present "expert testimony that the product was defective and that the product caused the injury of which he complains." *Bradley v. Lorillard Tobacco Co.*, No. 8:13-CV-227-T-33AEP, 2014 WL 5780428, at *3 (M.D. Fla. Nov. 5, 2014); *see also Savage v. Danek Med., Inc.*, 31 F. Supp. 2d 980, 983 (M.D. Fla.), *aff'd*, 202 F.3d 288, 288 (11th Cir. 1999) ("A defect must be proven by expert testimony."); *Mendez,* 2011 WL 13227892, at *4 ("Plaintiff's failure to offer expert evidence forecloses any claim based on a design defect." (internal quotation marks and citations omitted)).

Here, Bahrami has presented no evidence that the ladder was defective or that any defective ladder caused his injuries. Bahrami has failed to provide any expert support for his claims. Bahrami's own expert report fails to assert or support his theory that the ladder was defective at the time of the incident. Without any evidence of defect or causation, let alone expert evidence, Bahrami is unable to establish the Defendants' liability.

Accordingly, the Court **grants** the Defendants' motion for summary judgment (**ECF No. 57**). The **trial** set to commence during the two-week period beginning on January 7, 2019 is hereby **cancelled**. The Clerk shall administratively **close** this case. Any other pending motions are **denied as moot**.

**Done and ordered**, at Miami, Florida, on January 3, 2019.

_____
Robert N. Scola, Jr.
United States District Judge